IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ZANDER LAMONT RICHARDSON, JR.   :
  #412-735
             Plaintiff                   :

            v.                                   :   Civil Action No. JKB-15-3730

BALTIMORE CITY DETENTION CENTER :
            Defendant

**MEMORANDUM**

On December 3, 2015, Zander Lamont Richardson, Jr., currently incarcerated within the Maryland Department of Corrections and housed at North Branch Correctional Institution in Cumberland, filed this civil complaint pursuant to 42 U.S.C. § 1983, seeking money damages for a stab wound that he indicates was not treated during the time he was housed at the Baltimore City Detention Center ("BCDC"). He also indicates property, including legal materials, was misplaced. ECF No. 1.

On December 15, 2015, Richardson was ordered to supplement his complaint to provide the dates of the alleged lack of medical care and the loss of his property, and to name the individuals who allegedly are responsible for his injuries. ECF No. 3. Richardson has partially complied, stating that his stab wounds were suffered in January of 2012 and his property lost around February 1, 2012, when he was transferred to another facility.[1] ECF No. 5 at pp. 1-2. Richardson fails to provide the names of the individuals responsible for these alleged violations.

Richardson was a pretrial detainee while detained at the Baltimore City Detention Center ("BCDC"). The constitutional protections afforded a pretrial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment. *See*

---

[1] Richardson's earlier-filed supplement is illegible. ECF No. 4.

*Bell v. Wolfish,* 441 U.S. 520, 535 (1979). "Due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner." *Hill v. Nicodemus,* 979 F.2d 987, 991 (4th Cir. 1992) (citing *Martin v. Gentile,* 849 F.2d 863, 870 (4th Cir. 1988)).

Richardson's latest lawsuit does not survive initial review, as it is time-barred. While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. "Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato,* 549 U.S. 384, 387 (2007), (citing *Owens v. Okure,* 488 U.S. 235, 249-50 (1989)); *Wilson v. Garcia,* 471 U.S. 261, 279-80 (1985); *Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975). Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question. *Cox*, 529 F.2d at 50. The running of the statute of limitations begins when an individual knows or has reason to know of his injury. *Id*. Here, the time of accrual would be in January and February of 2012. Richardson did not file the instant lawsuit until after the limitations period expired; it is time-barred and, thus, cannot proceed.

Dated this 4th day of February, 2016.

                                                          BY THE COURT:

                                                          _____/s/_____
                                                          James K. Bredar
                                                          United States District Judge